Douglas Eugene JONES, Sr., Appellant,

v.

STATE of Iowa, Appellee.

No. 88–564.

Court of Appeals of Iowa.

Aug. 23, 1989.

Philip B. Mears of Mears, Zimmermann & Mears, Iowa City, for applicant-appellant.

Thomas J. Miller, Atty. Gen., and Layne M. Lindebak, Asst. Atty. Gen., for respondent-appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

Prison inmate, Douglas Eugene Jones, Sr., appeals from his denial of post-conviction relief by the district court on the imposition of prison disciplinary measures at Anamosa for an incident that occurred on September 14, 1987. We affirm.

Our scope of review is on error. Jones challenges the sufficiency of the evidence to establish that his comments and conduct violated the disciplinary rules in question. He also contends that his comments, insofar as they criticized the prison administration, were constitutionally protected and therefore they could not be constitutionally treated as rule violations. Finally, he contends he was denied his right to call witnesses in his defense at the disciplinary committee's hearing.

■ Iowa Code section 663A.2(6) authorizes a postconviction relief action if "[t]he person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited and the person has exhausted the appeal procedure of section 903A.3(2)." Section 903A.3(2) provides that orders of the hearing officer are subject to appeal to the superintendent or warden of the institution, and their decision is subject to review by the director of the Iowa Department of Corrections. *Id.* The district court found that Jones had exhausted all of his administrative remedies by requesting review by the warden as well as the Department of Corrections in Des Moines. Furthermore, the information provided to Jones on the prison appellate procedure for disciplinary actions, plaintiff's Exhibit 1, *Resident Information Guide* for the Men's Reformatory, lists a two-step process of appeal on page 38. It is our opinion that the evidence shows Jones complied with the procedure, and therefore has exhausted his remedies within the prison system.

Jones first contends that his comments, directed to another inmate, but within earshot of a guard, did not constitute a violation of prison rules. Jones was found guilty of violating Rules 14 (threats), 26 (verbal abuse), and 27 (disruptive conduct) as set forth in the *Resident Information Guide,* on pages 26 through 28. Jones was heard telling another inmate "they're some prejudiced mother fuckers" after another inmate received a disciplinary report. When an officer asked Jones about his comment, he said it was "directed at the whole fucking place, just a bunch of prejudiced mother fuckers." An officer testified that Jones said, "you punk assed mother fucker, I'll get even," as he was escorted back to his cell.

■ The constitutional protection afforded to Jones' words must be considered in the context of the prison environment in which they were uttered. The U.S. Supreme Court states:

> [T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. (citations omitted). "Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Pell v. Procunier,* 417 U.S. [817] at 827 [94 S.Ct. 2800 at 2806, 41 L.Ed.2d 495 (1974)].

*See Guy v. State,* 396 N.W.2d 197, 200–01 (Iowa App.1986) (quoting *Bell v. Wolfish,* 441 U.S. 520, 547–48, 99 S.Ct. 1861, 1878–79, 60 L.Ed.2d 447, 473–74 (1979)). We conclude the remarks are potentially dis-

558

ruptive in a prison setting, and as such may be limited by prison authorities.

Jones asserts that he was punished in retaliation for telling a guard that he was going to "get even" by hiring a lawyer. Jones further argues that the district court allowed the hearsay statement of the guard, that Jones only said "I'll get even," to rebut the testimonial evidence presented that Jones really was saying that he would use legal recourse to respond to the disciplinary measures. Jones alleges that the trial judge committed reversible error and should be reversed because the weight of the allowable evidence supports his version.

The trial judge took the objection to the hearsay statement under advisement, yet failed to rule on that question. The hearsay rules preserve reliability of the evidence. The report was written shortly after the incident. Because the source is, for purposes of analysis, trustworthy, the report is allowable as an exception to hearsay. Iowa Rules of Evidence Rule 804(b)(5). *Mahers v. State*, 437 N.W.2d 565, 569 (Iowa 1989).

Jones finally argues that a committee investigator misinformed him about the number of witnesses he was allowed to call in his behalf, and as a consequence he was unable to build a substantial case. Jones called three witnesses. Jones' failure to call more witnesses was his own mistake based on whatever he concluded, from any source of information, about the number of witnesses he was allowed. We are looking for error in the hearing proceedings only. We find none. Accordingly, we affirm the district court's denial of postconviction relief.

AFFIRMED.